IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EDWARD V. RAY, JR.**                                                                             **PLAINTIFF**

v.                                                                                   **No. 3:12CV118-NBB-JMV**

**CORRECTIONS CORPORATION
OF AMERICA, ET AL.**                                                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Edward V. Ray who challenges the conditions of his confinement under 42 U.S.C. § 1983. The defendants have moved for summary judgment, and Ray has responded to the motion. The matter is ripe for resolution. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the motion by the defendants for summary judgment will be granted, and judgment will be entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106

S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Procedural History**

From June 3, 2010 through February 12, 2011, The California Department of Corrections and Rehabilitation ("CDCR") transferred Edward V. Ray to the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi. *See Ray Depo. at pp. 14:3-14.* TCCF is a private prison administered by Corrections Corporation of America ("CCA"). Ray claims that he voiced concerns regarding the legal resources at TCCF during that time – but admits that he neither filed a grievance nor exhausted his

administrative remedies arising from his first incarceration at TCCF. *Id. at 15:2-17*. In the present case, Ray is not pursuing any claims arising during his first stay at TCCF. *Id.*

Ray bases his claims in the instant case on the alleged denial of access to the courts during his second incarceration at TCCF – between April 7, 2011 and May 22, 2012. In his complaint, Ray did not specify an actual injury to his legal position to support a claim that the defendants denied him access to courts – other that an allegation that a federal judge had "scolded" him for citing outdated law. Ray did not amend his pleadings to include a claim of actual prejudice or real detriment he might have suffered as a result of lack of access to legal materials. However, in response to the defendants' motion for summary judgment, Ray identified *Ray v. Cate*, 4:10CV1582 (N.D. Cal.) (his *habeas corpus* case in the United States District Court for the Northern District of California), as a case in which he "had to dismiss several claims he raised in his federal habeas petition because he was unable to find and/or locate the proper case laws" and "ultimately the U.S. District Court for the Northern California denied relief on those issues, as well as others raised by the plaintiff." [Dkt. #27]. This court denied summary judgment for the defendants, holding that Ray had alleged a possible legal injury: that he "had to dismiss some of his California *habeas corpus* claims because he could not research the law required to prosecute those claims." [Dkt #31]. However, as Ray had not alleged sufficient facts to support that allegation, the then permitted the parties to brief Ray's claim of actual injury.

**Undisputed Material Facts**

Prior to Ray's arrival at TCCF the second time, the United States District Court for the Northern District of California entered an order in his *habeas corpus* case (*Ray v. Cate*, 4:10CV1582 (N.D. Cal.)) holding that he had not exhausted his state court remedies regarding eight of his claims. *See Order entered April 15, 2011*. Rather than dismiss Ray's *habeas corpus* petition case, the district court gave him the choice to either: (1) dismiss his unexhausted claims and move forward on the others; (2) dismiss the entire action and seek exhaustion of the unexhausted claims in state court; or (3) move to stay the proceedings so

that he could pursue state court remedies as to the unexhausted claims, then return to federal court. *Id.* Ray chose option 3 – and moved to stay the case in an effort to pursue his unexhausted claims in state court. *See Ray's April 29, 2011, Motion to Stay.* Shortly afterwards, the CDCR moved Ray to back TCCF in a routine transfer.

During Ray's second stint at TCCF, the Northern District of California granted his request to stay his federal *habeas corpus* petition and administratively closed the federal *habeas corpus* case without prejudice. *See Order Staying Case entered June 21, 2011; see also Order to Show Cause entered December 6, 2011.* Ray then pursued his unexhausted claims in the California Supreme Court. *Id.* However, when the California Supreme Court did not issue a decision within 130 days, Ray grew impatient and filed several motions in California federal court requesting that the district court expedite a ruling on his case. *Id.* Before the district court could consider the pending motions, the California Supreme denied Ray's state petition for a writ of *habeas corpus*, and he filed two additional motions seeking a ruling in the federal petition. *Id.* In a detailed opinion, the district court expressed confusion as to what claims Ray wished to pursue, noting that he could – at that point – add the newly-exhausted claims to his federal petition. *Id.* Ray, however, wanted "an immediate decision on the merits of his claims," an unlikely happenstance if he chose to include the additional claims because the State was sure to raise several defenses based upon procedural bar – and that would require additional briefing time. *Id.* The court denied Ray's motion without prejudice to reopen his case because there was "confusion as to whether [Ray] want[ed] the court to consider only the claims identified in the April 15, 2011 order as having been exhausted OR want[ed] the court to consider those claims plus the claims in the *habeas* petition that the California Supreme Court rejected on October 20, 2011." *See Order Lifting Stay entered April 18, 2012 (discussing prior order).*

Less than two weeks after the district court denied his motion to reopen his federal petition, Ray filed a second motion – again requesting that his *habeas corpus* petition be reopened, and that some of his newly-exhausted claims be dismissed without prejudice. *See Ray's Second Motion to Reopen Case.* In his

- 4 -

second motion, Ray set forth the reasons he chose to dismiss those claims – none of which alleged a lack of adequate legal resources to pursue them. *Id.* Instead, the motion simply expressed desire to expedite his federal *habeas corpus* case – without the newly-exhausted claims.

In the present case, Ray argues that the California federal court's dismissal of his *habeas corpus* claims comprises "actual injury." Ray argues that he was compelled to dismiss these claims because he could not research the law required to prosecute them. *See Resp. to Defs' Mtn for Summary Judgment, Dkt # 27; see also Court's Order Denying Summary Judgment, Dkt #31.*

The following chronology clarifies the sequence of events from which Ray's claims arise.

| | |
|---|---|
| June 3, 2010: | Ray arrives at the Tallahatchie County Correctional Facility for the first time. |
| October 14, 2010 | Ray files a response to the State's motion to dismiss his petition for a writ of *habeas corpus* in the United States District Court for the Northern District of California. |
| February 12, 2011 | Ray is moved from TCCF to the North Fork Correctional Facility in Sayre, Oklahoma. |
| April 7, 2011 | Ray is moved back to TCCF. |
| April 11, 2011 | The Northern District of California holds that some of Ray's federal *habeas corpus* claims have not been exhausted in state court – and gives Ray several options for proceeding with his federal *habeas corpus* petition. |
| April 29, 2011 | Ray files a motion in the Northern District of California to stay the *habeas corpus* proceeding so that he may exhaust state remedies for his unexhausted claims. |
| June 21, 2011 | The Northern District of California stays Ray's federal *habeas corpus* petition and holds the claims in abeyance so that Ray may exhaust his remaining claims in state court. |
| June 26, 2011 | In what appears to be a handwritten grievance dated June 26, 2011, Ray alleges, "If CA, and/or MS, doesn't fix [the problem with TCCF] computers, I might lose my case; these computers are so bad that *sometimes* I can't even pull up California cases, let alone the Federal cases I need." (emphasis added). The grievance is attached as Exhibit 7 of ECF Doc. 60, documents he submitted in opposition to the motion for summary judgment in the instant case. |
| September 15, 2011 | Ray files a motion in the Northern District of California to reopen his federal *habeas corpus* case, lift the stay, and move forward only with exhausted claims. Ray alleges that he does not want to undermine the goals of the Antiterrorism and |

| | |
|---|---|
| | Effective Death Penalty Act by waiting too long for the California Supreme Court to rule on his state *habeas corpus* petition. |
| October 11, 2011 | Ray requests a ruling from the Northern District of California on his September 15, 2011, motion, as well as a ruling on his federal petition for a writ of *habeas corpus*. |
| October 12, 2011 | The California Supreme Court denies Ray's state petition for a writ of *habeas corpus*, with citations to various cases, but no discussion of the decisions in those cases. Ray has thus exhausted state court remedies as to the claims raised in the state petition. |
| November 3, 2011 | Ray files a grievance with TCCF officials complaining that he has had trouble researching California and federal law regarding his claims. |
| November 15, 2011 | Ray files another grievance regarding difficulty using TCCF computers to access California and federal law. |
| December 2, 2011 | Ray files another grievance regarding difficulty using TCCF computers to access California and federal law. |
| December 6, 2011 | The Northern District of California denies Ray's motions to reopen his federal *habeas corpus* petition and proceed on unexhausted claims – largely because Ray had filed a number of confusing and seemingly contradictory motions – and the court could not determine the relief he sought. |
| December 19, 2011 | Ray files a motion with the Northern District of California seeking to proceed in his federal *habeas corpus* petition only with his unexhausted claims – stating as his reason that he wanted a rapid resolution of the issues in his case. In particular, he was worried that, during such a delay, evidence could be lost, memories fade, and witnesses could die. Indeed, Ray alleged that two potential witnesses who could have helped him had already died. Ray did *not*, however, mention that he wished an expedited ruling because he did not have access to legal materials. |
| April 18, 2012 | The Northern District of California – at Ray's request – lifted the stay in his federal petition for a writ of *habeas corpus*, dismissed several exhausted and unexhausted claims without prejudice, and ordered the State to respond. |
| July 7, 2014 | In the present case filed in the United States District Court for the Northern District of Mississippi, Ray alleges in an affidavit that he had to dismiss five claims and various sub-claims in his federal *habeas corpus* petition because the computers at TCCF were not able to access California and federal *habeas corpus* law. In addition, Ray claims that he did not realize that there was a problem at TCCF until he was transferred to the Oklahoma corrections facility – where there was a library superior to the one at TCCF. Contradictorily, however, in the same document, Ray alleges that, though he is not suing based upon events during his first stay at TCCF, during that time he had made some 150 verbal requests to upgrade the computers so he had better access to legal materials. |

During his deposition, Ray testified that he eventually gained access to the legal materials he needed about a month before he was transferred, again, out of TCCF. Though he could not remember the exact date, he testified that the TCCF computers were upgraded at a point after his federal petition for a writ of *habeas corpus* had been dismissed in the Northern District of California.

**Denial of Access to the Courts**

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). The right of access to the courts is

not "an abstract, freestanding right to a law library or legal assistance[;] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.*

### Ray Has Neither Alleged Nor Proven Actual Prejudice to a Legal Position

None of the parties disputes that Edward Ray had only intermittent access to legal materials when he was housed at the Tallahatchie County Correctional Facility. Certainly Ray filed grievances regarding this issue, and he indicated in papers filed with this court that, during his first stay at the Tallahatchie County Correctional Facility, he complained verbally about the state of computer access to legal materials some 150 times. Though the events occurring during Ray's first stay at the Tallahatchie County Correctional Facility are not at issue in the present case, Ray alleges that the intermittent access to legal materials due to various computer glitches continued when he later returned there. Ray alleges that, once he returned to TCCF, he was "forced" to abandon several claims in his federal petition for a writ of *habeas corpus* because of hit-or-miss computer access to legal materials. He identified *Ray v. Cate*, 4:10CV1582 (N.D. Cal.) as the case in question.

However, Ray did not file a single paper in that case indicating that he was having trouble accessing applicable law – not even when the court gently pointed out that some of the authority Ray cited was either outdated or not in point. In addition, Ray had not exhausted state court remedies for several of his federal *habeas corpus* claims and sub-claims. The Northern District of California then permitted Ray to stay his federal case so that he could return to California's state courts to pursue state for the claims he had not yet exhausted. His federal case was then administratively closed – without prejudice to his ability to reopen it once he exhausted state court remedies. Had Ray availed himself of that opportunity, he could then have completely exhausted *all* his claims in state court, then returned to federal court having exhausted *all* of his claims for *habeas corpus* relief. At that point, he would have been free to proceed with his pursuit of federal *habeas corpus* relief as to *all* the claims in his petition. This path would

have maximized Ray's ability to pursue all of his claims – but would have entailed the delay inherent in seeking state *habeas corpus* relief.  Further, it appears that Ray *actually exhausted* at least some of those claims in the California Supreme Court – then asked in federal court that they be dismissed without prejudice – to expedite a ruling on the remaining issues (which had already been briefed).

Ray could have chosen either: (1) a quick path to resolution of only *some* of federal *habeas corpus* claims (the exhausted ones that have already been briefed), (2) a slower path to resolution of *some* of the federal *habeas corpus* claims (the exhausted ones, including those that had not yet been briefed), or (3) the slowest path to resolution of *all* the claims (after all have been exhausted).  After filing several equivocal motions in the Northern District of California, Ray finally made quite clear that he wished to proceed *immediately* with those claims he had already exhausted in state court – and that had already been briefed.  He wished to dismiss all the unbriefed claims without prejudice – whether they had been exhausted or not – and proceed immediately with the fully briefed ones.  He made his reason for his decision clear:  He wanted to preserve evidence and testimony that can disappear or fade with the passage of time.

Once Ray filed a motion making his intentions clear, the Northern District of California granted the motion, lifted the stay, reopened the case, and directed the State of California to respond to the fully briefed claims.  Ray got exactly what he asked for.  Nowhere did he complain that he did not have adequate access to legal materials.  Never did he ask for additional time so that he could gain better access.  Indeed, before he lost patience and demanded to move forward, Ray had suffered no prejudice whatsoever in his federal *habeas corpus* case.  Though some of his claims had not been exhausted, the court stayed the case to ensure that he could later return and present all of them.  No court dismissed Ray's claims.  No court compelled him to abandon them.  He chose to abandon his unbriefed claims – even the exhausted ones – so the Northern District of California could more

quickly address the remaining ones. Whatever his strategy might have been, ultimately, the choice was his.

For these reasons, the court holds that Ray's alleged intermittent access to legal materials did not cause prejudice to any of his legal positions. As such, he has not stated a claim for denial of access to the courts. Thus, the motion by the defendants for summary judgment will be granted, and judgment will be entered for the defendants. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of August, 2014.

                                                  /s/ Neal Biggers
                                                NEAL B. BIGGERS
                                                SENIOR U. S. DISTRICT JUDGE